# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| COREY DURAND CROSS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:21-CV-226 AGF |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's amended motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255, and on defendant's motion to dismiss. ECF Nos. 4 & 7. On May 4, 2021, the Court issued an Order to Show Cause in this matter, discussing how movant's § 2255 motion appeared to be time-barred and directing movant to show cause as to why the motion should not be summarily dismissed. Movant has not filed a response to that Order and the time for doing so has expired. The Court warned movant that, if he failed to comply with the Court's Order, his § 2255 motion would be dismissed. For the reasons discussed below, the Court will grant defendants' motion to dismiss this case as time-barred. Movant's original and amended motions to vacate, set aside, or correct sentence will be denied and dismissed.

### Background

On March 29, 2011, movant pleaded guilty to three counts in this Court, including one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1). *U.S. v. Cross*, No. 4:10-CR-396-AGF, ECF No. 68 (E.D. Mo. June 25, 2010). On July 14, 2011, the Court sentenced movant to a total term of 240 months' imprisonment and three years of supervised release. *Id.* at ECF No. 74. Movant did not appeal.

In February 2021, movant filed a motion for relief from judgment pursuant to two Supreme Court cases, *Rehaif v. United States*, 139 S.Ct. 2191 (2019), and *United States v. Davis*, 139 S.Ct. 2319 (2019), in his closed criminal case in this Court. *Id.* at ECF No. 85. The motion was signed by movant on February 9, 2021. The Court ordered that the motion be administratively terminated and opened as a new case under 28 U.S.C. §2255. *Id.* at ECF No. 86. The instant case was opened as a result of that Order. However, because movant's motion was not on a court form and therefore defective as a § 2255 motion, the Court ordered movant to file an amended motion on a court form. ECF No. 3. Movant filed his amended § 2255 motion on March 19, 2021.

On March 23, 2021, United States respondent filed a motion to dismiss, arguing that movant's § 2255 motion is time-barred. ECF No. 7. The government asked that the Court issue a show cause order regarding timeliness and then dismiss the matter. Movant did not file a response to the motion to dismiss, but he did state the "reason for lateness" in his initial motion. ECF No. 1 at 2. As to the timeliness of his motion, movant argues that the grounds under which he seeks relief were unavailable to him before the Supreme Court's decisions in *Rehaif* and *Davis*, which were issued in June 2019. Although his § 2255 motion was not filed within one year of the issuance of those Supreme Court decisions, movant asks for tolling of the June 2020 deadline due to "the nationwide pandemic and the nationwide lock-down across the nation in the Bureau of Prisons," which has limited his access to the law library and delayed his ability to "attain nationwide lock-down memorandums in an effort to establish cause for extensive delay." *Id.*

On May 4, 2021, the Court issued an Order directing movant to show cause as to why he should be entitled to equitable tolling to prevent the dismissal of his § 2255 motion. ECF No. 9.

Specifically, movant needed to address whether he was diligently pursuing his rights prior to the COVID-19 pandemic, and how the pandemic specifically prevented him from filing his § 2255 motion on time.  *Id.* at 4-6.   Movant has not filed a response to the Court's Show Cause Order and the deadline has passed.

## Discussion

Movant's § 2255 motion is time-barred under 28 U.S.C. § 2255(f) and subject to summary dismissal.   Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.   However, before dismissing a habeas action as time-barred, the court must provide notice to the movant.  *Day v. McDonough*, 547 U.S. 198, 210 (2006).

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *Peden v. U.S.*, 914 F.3d 1151, 1152 (8th Cir. 2019).    Under 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Movant was convicted in 2011 and he did not appeal. Clearly, the one-year period from when his conviction became final under § 2255(f)(1) has long expired. However, movant seeks relief under Supreme Court decisions *Rehaif* and *Davis*, which were both issued in June 2019. Assuming without deciding that the Supreme Court recognized a new constitutional right that is retroactively applicable to cases on collateral review in those cases, and that those cases are applicable to the facts of movant's case here, then movant's limitation period under § 2255(f)(3) would have started in June 2019 and expired one year later. Movant did not file his initial § 2255 motion in this matter until February 2021.

Based on statements made in his initial motion, movant seems to be asserting that the June 2020 deadline for filing a § 2255 motion for relief under *Rehaif* and *Davis* should be tolled due to the COVID-19 pandemic. The one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") may be equitably tolled if a movant demonstrates that: (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida,* 560 U.S. 631, 649 (2010); *Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013). The Eighth Circuit has recognized that the doctrine of equitable tolling applies to motions filed under § 2255. *U.S. v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005).

However, equitable tolling "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). Application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* at 806 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" or possibly "when

conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). An unrepresented prisoner's allegations of "a lack of legal knowledge or legal resources" do not warrant tolling. *Id.*

Courts have considered how the COVID-19 pandemic "could—in certain circumstances—conceivably warrant equitable tolling" for § 2255 motions. *U.S. v. Haro*, No. 8:18CR66, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020) (citing cases). In *Haro*, the court concluded that a COVID-19 lockdown that limited a petitioner's access to the law library and ability to make copies in prison was insufficient to justify equitable tolling. *Id.* In general, as to the COVID-19 pandemic, courts have found that "prisoners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a § 2255 motion prior to the lockdowns." *U.S. v. Thomas*, No. CR 18-135, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020); *see also U.S. v. Barnes*, No. 18-CR-0154-CVE, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) (reasoning that, even if a COVID-19 lockdown delayed the motion filing, equitable tolling was unwarranted because the defendant did not demonstrate diligent pursuit of his claims prior to lockdown).

Some courts have found equitable tolling applicable where evidence indicates that petitioner was diligently pursuing his rights when the pandemic began. *See Cowan v. Davis*, No. 1:19-CV-00745-DAD, 2020 WL 4698968 (E.D. Cal. Aug. 13, 2020) (granting second motion for prospective equitable tolling because petitioner could not file his motion on time, despite his exercise of reasonable diligence, due to the emergency conditions of the pandemic); *Dunn v. Baca*, No. 3:19-CV-00702-MMD-WGC, 2020 WL 2525772 (D. Nev. May 18, 2020) (granting prospective equitable tolling because of extraordinary circumstances of the pandemic where petitioner and his public defender were pursing petitioner's rights diligently). As such, the

COVID-19 pandemic does not automatically warrant equitable tolling for any movant who seeks it on that basis.

In this case, movant failed to respond to the government's motion to dismiss or to the Court's Show Cause Order, explaining why equitable tolling should apply to this matter. In his initial motion, movant mentions limited law library access and delays in correspondence. As discussed above, courts have found diminished access to the law library insufficient to justify equitable tolling. *See Haro*, 2020 WL 5653520, at *4 (citing cases). This is especially true where the movant was not diligently pursuing his rights prior to the pandemic, such as the case here. Movant seeks relief based on Supreme Court cases from June 2019. This means he had approximately nine months to file motions based on those cases before the pandemic. Court records indicate that movant was able to file matters with the Court during the shutdown, as he filed a motion for compassionate release in this Court in May 2020. *See U.S. v. Cross*, No. 4:10-CR-393-AGF, ECF No. 80. Therefore, movant was not pursuing his rights diligently prior to the pandemic nor did the pandemic specifically prevent movant from filing his motion in a timely manner.

As such, the Court has no reason to believe that extraordinary circumstances beyond movant's control made it impossible for him to file his motion on time. Therefore, defendants' motion to dismiss this case as time-barred will be granted. Movant's motions for § 2255 relief will be denied and dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [ECF No. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [ECF No. 1] and the amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [ECF No. 4] are **DENIED AND DISMISSED** as time-barred. *See* 28 U.S.C. § 2255(f).

**IT IS FINALLY ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 21st day of June 2021.

                                              */s/ Audrey G. Fleissig*
                                              AUDREY G. FLEISSIG
                                              UNITED STATES DISTRICT JUDGE